Jerry L. Steering [State Bar No. 122509]
Brenton W. Aitken Hands [State Bar No. 308601]
Law Offices of Jerry Steering
4063 Birch Street, Suite 100
Newport Beach, California 92660
(949) 474-1849
(949) 474-1883 Fax
jerrysteering@yahoo.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY WAYNE EATHERTON,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF RIVERSIDE, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF FEDERAL CONSTITUTIONAL RIGHTS UNDER COLOR OF STATE LAW [42 U.S.C. § 1983] FOR UNLAWFUL / UNREASONABLE SEIZURE OF PERSON [U.S. CONST. AMEND 4]; USE OF EXCESSIVE / UNREASONABLE FORCE UPON PERSON [U.S. CONST. AMEND 4]; RIGHT TO PETITION GOVERNMENT FOR REDRESS OF GRIEVANCES / FREEDOM OF SPEECH [[U.S. CONST. AMEND 1]; AND CALIFORNIA STATE LAW CLAIMS FOR FALSE ARREST / FALSE IMPRISONMENT, BATTERY, ASSAULT, AND VIOLATION OF CALIFORNIA CIVIL CODE 52.1 |

**COMES NOW** plaintiff DANNY WAYNE EATHERTON and shows this honorable court the following:

COMPLAINT FOR DAMAGES

1

## JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the City of Nuevo, County of Riverside, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3. As plaintiff's claims brought under California state law arise out of the same transactions and occurrences and out of a common nucleus of operative facts as the plaintiff's federal questions claims, this court has jurisdiction over the plaintiff's California state law claims under its Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966).

## GENERAL ALLEGATIONS

4. Plaintiff Danny Wayne Eatherton, hereinafter referred to as "DANNY EATHERTON" and/or "plaintiff" and/or "EATHERTON" is a natural person, who, at all times complained of in this action, resided in the State of California.

5. Defendant County of Riverside ("COUNTY") is a municipal entity located in the County of Riverside, State of California; within the territorial jurisdiction of this court.

6. Defendants DOES 1 through 6, inclusive, are sworn peace officers and/or deputy sheriffs and/or supervisors and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendants County of Riverside, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or otherwise caused and are otherwise responsible for and liable to

plaintiff for the acts complained of in this action, whose identities are and remain unknown to plaintiff, who will amend his Complaint for Damages to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

7. Defendants DOES 7 and 8 are sworn peace officers and/or deputy sheriffs and/or supervisors and/or investigators and/ Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant County of Riverside who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his Complaint for Damages to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

8. At all times complained of herein, DOES 7 and 8 were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or other County of Riverside public officials[1] and Supervisors and policy making officials, including the Chief of Police, Assistant Chiefs, Commanders, Captains, Lieutenants or other policy making persons with defendant County of Riverside, and were acting in the course of and within the scope of their employment with defendants County of Riverside. DOES 7 and 8 and were in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the events complained of by plaintiff in this case, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers and/or approving unconstitutional actions of subordinate officers), via bystander liability (failing to intervene in and

---

[1] Including the Sheriff of the County of Riverside.

COMPLAINT FOR DAMAGES

3

stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the County of Riverside for: 1) wrongfully and unconstitutionally killing persons; 2) using excessive / unreasonable force on persons; 3) unlawfully searching and seizing persons; 4) unlawful searching and seizing persons' homes and effects / personal property; 5) falsely arresting and falsely imprisoning persons; 6) fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions; 7) "framing" / attempting to "frame" innocent persons in criminal actions[2], 8) violating and interfering with persons' constitutionally protected right to free speech and right to petition the government for redress of grievances; 9) violating, interfering and depriving persons of their of constitutionally protected parent child relationships; 10) covering-up unlawful and tortious conduct by the County of Riverside sheriff deputies/officers and other County personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained of by the plaintiff in this action.

9. Defendants DOES 9 and 10, are sworn peace officers and/or other public officials such as the Sheriff, the Undersheriff, Assistant Sheriffs, Commanders, Captains, Lieutenants, Sergeants Supervisors and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or Detectives and/or other Supervisory personnel employed by COUNTY, and were policy making and/or final policy making officials[3] with the County of Riverside, who were acting in the course and scope of his employment with COUNTY, and are in some

---

[2] To protect themselves and other police officers and deputy sheriffs and supervisory personnel from civil, administrative and criminal liability.
[3] Including the Sheriff of the County of Riverside.

COMPLAINT FOR DAMAGES
4

substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the events complained of by plaintiffs in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the County of Riverside for: 1) wrongfully and unconstitutionally killing persons; 2) using excessive / unreasonable force on persons; 3) unlawfully searching and seizing persons; 4) unlawful searching and seizing persons' homes and effects / personal property; 5) falsely arresting and falsely imprisoning persons; 6) fabricating / destroying / concealing / altering / withholding evidence in criminal and civil actions; 7) "framing" / attempting to "frame" innocent persons in criminal actions[4], 8) violating and interfering with persons' constitutionally protected right to free speech and right to petition the government for redress of grievances; 9) violating, interfering and depriving persons of their of constitutionally protected parent child relationships; 10) covering-up unlawful and tortious conduct by the County of Riverside Sherries / Police Officers and other County personnel, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained of by the plaintiff in this action.

      10.    Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his Complaint for Damages to add and to show the actual names of said DOE defendants, when ascertained by plaintiff.

---

[4] To protect themselves and other police officers and deputy sheriffs and supervisory personnel from civil, administrative and criminal liability.

COMPLAINT FOR DAMAGES

5

11. In addition to the above and foregoing, DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff EATHERTON of his Federal and California Constitutional and statutory rights, as complained of in this action, and acted in joint, concerted and conspiratorial action to so deprive plaintiff EATHERTON of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States and California constitutional and statutory law.

12. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff EATHERTON's federal and state constitutional and statutory rights, as complained of herein.

13. In addition, defendant COUNTY had notice of other false arrests and other incidents of the use of unreasonable force upon civilians by said individual defendants to this action, and failed to take any corrective / disciplinary actions against DOES 1-10. In addition, defendant DOES 1-10 to this action, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff his federal constitutional and statutory rights, and California constitutional and statutory state law rights, as described above and below, and acted in joint and concerted action to so deprive the plaintiff of those rights as set forth below; all in violation of 42 U.S.C. § 1983 and otherwise in violation of California state law.

14. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a legal cause the violation of the plaintiff's federal and state constitutional and statutory rights, as set forth below.

///

**FIRST CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(By Plaintiff against Defendants COUNTY and**
**DOES 1 through 10, inclusive)**

15. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 14, inclusive, above, as though set forth in full herein.

16. On the night of Saturday, January 13, 2018 at approximately 10:00 p.m., (hereinafter referred to as the "INCIDENT"), EATHERTON heard a series of very loud noises from outside his home located at 28870 Lakeview Avenue, Nuevo, California 92567. EATHERTON observed a vehicle laying on its side at the front of his property. The area was illuminated by approximately six law enforcement vehicles, which had their lights on.

17. Laying on the ground, several feet in front of the wrecked vehicle was, what he believed to be an unconscious man who had been thrown from the vehicle. Approaching the unconscious man from the north were many law enforcement officers, DOES 1 through 8, inclusive, with their guns and rifles drawn while they were screaming at the man on the ground, "Let me see your hands" over and over again.

18. From EATHERTON's vantage point approximately 150 feet away and standing right in front of his home, he observed that the unconscious man did not respond in any way, which led him to think he might be deceased. When the law enforcement officers reached the unresponsive man, many officers swarmed over him and began pummeling him and screaming, "Give me your hands," "Put your hands behind your back," and "Stop resisting".

19. An officer that was standing next to the unconscious man was

kicking and stomping him. This gave EATHERTON great concern for the wellbeing of the unconscious man, having seen several cases on the television of law enforcement officers violating the constitutional rights of civilians by beating or killing them.

20. EATHERTON decided to make as accurate recollection of what he observed that night. After the man on the ground was hand cuffed, the law enforcement officers on the scene turned their attention to EATHERTON and they told him "Go inside and lock your door!"

21. Without doing anything illegal or giving any law enforcement officer probable cause to arrest or detain EATHERTON, he responded that he was on his own property, 150 feet away from the INCIDENT, and not interfering in any way. An officer responded, "It's for your own safety." EATHERTON continued to observe the behavior and actions of the law enforcement officers.

22. At that point, three (3) flashlight beams from different law enforcement officers were pointed at EATHERTON. Soon a scrimmage line of officers advanced on him. The officers were commanding him repeatedly to "Get on the ground". EATHTERON responded that he was on his own property, not breaking any law and not interfering in any way.

23. The law enforcement officers then illegally assaulted and battered EATHERTON in the absence of any legal grounds to do so. The officers ripped open EATHERTON's shirt while yelling "Stop resisting!" and "Stop going for my gun!". For the next three (3) minutes, the law enforcement officers were illegally tackling striking and assaulting EATHERTON without any evidence that he committed a crime or that he did anything that would warrant his arrest or detainment. EATHERTON remembers a tremendous blow to the left upper stomach right below his ribcage and a huge blow to his left forehead and a crushing impact to his chest severely injuring EATHERTON in a showing of

COMPLAINT FOR DAMAGES

unreasonable and unlawful use of excessive force.

24. EATHERTON was pinned face down and the multiple law enforcement officers were crushing him with their weight all the while yelling "Stop resisting!" and "Stop going for my gun!" and "Give me your hand!" EATHERTON was handcuffed and the cuffs tightened to such a level that it caused extreme pain and multiple cramping throughout his shoulder muscles in a showing of unreasonable and unlawful use of excessive force.

25. After this unlawful and unconstitutional beating of EATHERTON he was unceremoniously rolled on to his stomach, an amount of lifting pressure was exerted to his left arm by a female law enforcement deputy sheriff / officer, DOE 3, and EATHERTON was by DOES 1 through 6, inclusive, commanded to "Get up." EATHERTON could not have gotten up from that position even if he had not been beaten-up, battered, assaulted and handcuffed.

26. EATHERTON told DOES 1 through 6, inclusive, that he couldn't get up, again, the command again came from the female DOE defendant deputy / officer to "Get up", again EATHERTON said he couldn't get up, to which DOE 3 / she responded "Well I can't lift you up!" Several arms from different defendant DOE deputies / officers grabbed EATHERTON from behind lifted him up and stuffed him in the back-seat area of one of the patrol cars.

27. In addition, defendant bystander and supervisory personnel DOES 7 to 8, arrived at the scene, and defendant bystander and supervisory personnel approved, encouraged and ratified the unlawful conduct of their associate and subordinate officers, under the color of law and in a bystander and supervisory capacity as Sergeant / Corporal / Watch Commander / Lieutenant / Captain or some other supervisor that should have reasonably known that the plaintiff's constitutional rights were being violated; and failed to intervene to protect the rights of the plaintiff and prevent the plaintiff from being falsely detained and

arrested at his own home when plaintiff had not committed any crime whatsoever, falsely seized and brutally taken to the ground by said defendant police officers.

28. Shortly after being crammed / stuffed in the patrol car, EATHERTON felt hot pain in his neck and chest. The pain grew in intensity until it was overwhelming. The plaintiff wanted to yell out but couldn't because of the huge pain in his chest that was taking his breath away. The plaintiff feared for his life and thought he was going to die because he couldn't scream for help and no one was paying attention to him after illegally battering, assaulting and arresting him.

29. Eventually a law enforcement officer opened the car door and EATHERTON told him he was having a heart attack. The law enforcement officer opened the back door next to the plaintiff and summoned the paramedics. EATHERTON was sat on a gurney, handcuffed but the paramedics couldn't provide any medical assistance permission was given to remove the handcuffs from the plaintiff. This inaction and negligence aggravated and exasperated the heart attack being suffered by the plaintiff and caused additional damages.

30. EATHERTON was transported to the hospital where it was confirmed that he was indeed was having a heart attack as a direct and proximate cause of his illegal arrest, battery and assault at the hands of the defendants, and the hospital staff began treatment. Sometime later a law enforcement officer showed up at the hospital to take pictures of the plaintiff's injuries. EATHERTON asked him why and the officer said he was told that EATHERTON was in a car wreck.

31. Accordingly, said seizure of EATHERON, as well as the unlawful use of force, was done by all of said defendants, in violation of the plaintiff's right to be free from unreasonable seizures of his person under the Fourth Amendment to the United States Constitution, and via bystander and via supervisory liability for the same for defendants DOES 6 through 10, inclusive, should have

COMPLAINT FOR DAMAGES
10

reasonably known that their subordinate officers were depriving the plaintiff of his constitutional rights.

32. Accordingly, the unlawful seizure of plaintiff, by defendants DOES 1 through 10, inclusive, constituted an unlawful and unreasonable and unlawful seizure of his person and property, without a warrant, without reasonable suspicion of criminality afoot by the plaintiff, and without probable cause to believe that the plaintiff had committed a crime; in violation of his right to be free from such an unlawful and unreasonable seizure of his person and property under the Fourth Amendment to the United States Constitution.

33. As a direct and proximate result of the actions of defendants DOES 1 through 10, inclusive's unlawful and unreasonable seizure of plaintiff, plaintiff Danny Wayne Eatherton: 1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees and associated litigation and other related costs, and 4) incurred the loss of business wages and profits, and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

34. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial, in excess of $5,000,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights**
**Excessive / Unreasonable Use of Force on Person**
**(By Plaintiff against Defendants COUNTY and**
**DOES 1 through 10, inclusive)**

COMPLAINT FOR DAMAGES
11

35. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 34, inclusive, above, as if set forth in full herein.

36. As mentioned above and in addition to the above and foregoing, when plaintiff was unlawfully beaten, detained and arrested at the place of the INCIDENT, he was brutally tackled to the ground by defendants DOES 1 through 10, inclusive, and otherwise brutalized by said defendants; causing plaintiff a tremendous amount of trauma and distress which required medical after the subject incident.

37. The actions of defendants DOES 1 through 10, inclusive, as complained above herein, constituted a violation of EATHERTON's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

38. As a direct and proximate result of the actions of defendants DOES 1 through 10, inclusive, plaintiff Danny Wayne Eatherton was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $10,000,000.00.

39. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of EATHERTON's constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, in an amount to be proven at trial, in excess of $5,000,000.00.

### THIRD CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**Violation of First Amendment Right To**
**Right to Freedom of Speech/Right To Petition Government For Redress Of**

COMPLAINT FOR DAMAGES

## Grievances [42 U.S.C. § 1983]
### (By Plaintiff against Defendants COUNTY and DOES 1 through 10, inclusive)

40. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 39, inclusive, above, as if set forth in full herein.

41. The main motivating factor for the unlawful seizure and beating of plaintiff by defendants for the defendants' use of force upon him and brutally tackling him to the ground, and the recommendation by the defendants that plaintiff be arrested, and for the use of unreasonable force upon EATHERTON, was to retaliate against him for protesting the unlawful and unreasonable use of force upon the alleged driver of the vehicle that crashed at the scene of the INCIDENT by defendants DOES 1 through 10, inclusive, and was done in retaliation for EATHERTON redressing his grievances to DOES 1 through 10, inclusive, and for other acts of protected speech to other government officials.

42. Accordingly, said conspiracy of the defendants, and each of them, to falsely seize, to beat and to recommend the prosecution of plaintiff, was done to deprive him in retaliation for his exercise of his First Amendment rights.

43. Moreover, the use of unreasonable force upon plaintiff and his unlawful seizure, as well as his arrest, was done to further deprive him in retaliation for plaintiff exercising his First Amendment rights. Accordingly, a substantial or motivating factor in the decision of DOES 1 through 10, inclusive, to take the adverse actions against the plaintiff complained of in this action was plaintiff's verbal protest of the defendants' actions at the scene of the INCIDENT.

44. Plaintiff EATHERTON's verbal protests to defendants DOES 1 through 10, inclusive, for being assaulted, battered, and falsely seized was speech that is / are protected by the First Amendment to the United States Constitution.

45. A substantial or motivating factor in the decision of the defendants to take said actions in against plaintiff EATHERTON was his exercise of his right to

COMPLAINT FOR DAMAGES
13

freedom of speech / right to petition, as described above.

46. But for EATHERTON's exercise of his right to freedom of speech / right to petition as described above, said defendants would not have taken the actions against plaintiff that they did.

47. As a direct and proximate result of defendants' actions, above-referenced, EATHERTON was substantially physically, mentally and emotionally injured, and he incurred medical and psychological costs/bills and expenses, attorney's fees and costs, lost profits / wages, and other special and general damages and expenses; all in an amount to be proven at trial; in excess of $10,000,000.00.

48. The actions by said defendants were done maliciously and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages in an amount to be shown at trial, in excess of $10,000,000.00.

## FORTH CAUSE OF ACTION
### False Arrest / False Imprisonment
### Under California State Law
### (By Plaintiff against Defendants COUNTY and DOES 1 through 10, inclusive)

49. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 48, inclusive, above, as if set forth in full herein.

50. As complained of above, EATHERTON was unlawfully seized and arrested by DOES 1 through 10, inclusive, on January 13, 2018.

51. As complained of above, said defendants DOES 1 through 10, inclusive, had neither reasonable suspicion of criminality afoot about EATHERTON, nor probable cause to believe that plaintiff had committed a crime.

52. Defendants DOES 1 through 10, inclusive, are liable to plaintiff for their false arrests / false imprisonments of EATHERTON.

53.    As a direct and proximate result of the actions of DOES 1 through 10, inclusive, plaintiff EATHERTON was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, costs and 4) incurred lost profits and other associated costs and expenses; all in an amount to be proven at trial in excess of $10,000,000.00.

54.    The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $5,000,000.00.

### FIFTH CAUSE OF ACTION
### Battery
### Under California State Law
### (By Plaintiff against Defendants COUNTY and DOES 1 through 10, inclusive)

55.  Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52, inclusive, above, as if set forth in full herein.

56.    The actions committed by DOES 1 through 10, inclusive, above-described, constituted unjustified non-consensual use of unlawful force and violence upon EATHERTON, and constituted a battery on him by DOES 1 through 10, inclusive, under California state law.

57.    Defendants DOES 1 through 10, inclusive, are liable to EATHERTON for said battery of him, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

58.    As a direct and proximate result of the actions of DOES 1 through 10, inclusive, plaintiff EATHERTON was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury,

COMPLAINT FOR DAMAGES
15

distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees and associated litigation and other related costs, and 4) incurred the loss of business wages and profits, 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

59. The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial in excess of $5,000,000.00.

## SIXTH CAUSE OF ACTION
### Assault
### Under California State Law
**(By Plaintiff against Defendants COUNTY and DOES 1 through 10, inclusive)**

60. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 59, inclusive, above, as if set forth in full herein.

61. The actions committed by defendants DOES 1 through 10, inclusive, above-described, constituted an assault of EATHERTON, under California state law, as said plaintiff was unlawfully placed in reasonable fear of receiving an imminent violent injury by defendants DOES 1 through 10, inclusive.

62. Defendants DOES 1 through 10, inclusive, are liable to EATHERTON under California state law for said assault of plaintiff, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820 and 820.8, pursuant to the California Constitution, and otherwise pursuant to the common law.

63. As a direct and proximate result of the actions of defendants DOES 1 through 10, inclusive, plaintiff EATHERTON was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and

psychological costs, bills and expenses, 3) incurred attorney's fees and associated litigation and other related costs, and 4) incurred the loss of business wages and profits, 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

64. The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendants COUNTY, in an amount to be proven at trial in excess of $5,000,000.00.

## SEVENTH CAUSE OF ACTION
### Violation of Cal. Civil Code § 52.1
### Under California State Law
### (By Plaintiff against Defendants COUNTY and DOES 1 through 10, inclusive)

65. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 64, inclusive, above, as if set forth in full herein.

66. As shown above, defendants DOES 1 through 10, inclusive, used the threat of force and actual use of force and violence against EATHERTON to attempt to deter and to chill EATHERTON'S exercise of constitutionally protected speech, above-referenced, which constituted a violation of said plaintiffs' rights under the United States and California constitutions to be free from the use of unreasonable force upon his person.

67. Also as shown above, said defendants used unreasonable force and violence against EATHERTON.

68. Said actions by said defendants constitute the use of actual force and violence, and the threatened use of force and violence against the EATHERTON for his exercise of his First and Fourth Amendment rights.

COMPLAINT FOR DAMAGES
17

67. Moreover, as shown above, said defendant DOES 1-10, inclusive, falsely arrested and falsely imprisoned EATHERTON, using actual force and violence against him, as well as threats of same.

69. Said defendant DOES 1 through 10, inclusive, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by EATHERTON of the rights secured by the Constitution and laws of the United States, and of the rights secured by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

70. Said defendants DOES 1 through 10, inclusive, and COUNTY are liable to EATHERTON, for said violations of his constitutional rights, pursuant to California Civil Code § 52.1, and California Government Code §§ 815.2(a), 815.6, 820, 820.8.

71. As a direct and proximate result of the actions of said defendants, plaintiff Danny Wayne Eatherton was: 1) substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees and associated litigation and other related costs, and 4) incurred the loss of business wages and profits, 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

72. The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendants COUNTY, in an amount to be proven at trial in excess of $5,000,000.00.

73. In addition, as a result of the actions of said defendants in violation of

the plaintiffs' rights under Cal. Civil Code § 52.1, the plaintiffs are entitled to an award of treble compensatory damages against all defendants, and each of them in this action.

**WHEREFORE**, plaintiff prays for judgment as follows:

    a)    For a judgment against all defendants for compensatory damages in an amount in excess of $10,000,000.00, trebled to $30,000,000.00.

    b)    For a judgment against all defendants for punitive damages in an amount in excess of $5,000,000.00;

    c)    For an award of reasonable attorney's fees and costs;

    d)    For a trial by jury; and

    e)    For such other and further relief as this honorable court deems just and equitable.

Dated November 20, 2018

                                    JERRY L. STEERING
                                    Attorney for plaintiff
                                    DANNY WAYNE EATHERTON